UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA,    |

                                     |        10 Cr. 878 (KMW)

        -against-               |

                                     |      <u>OPINION AND ORDER</u>

                                   |
MI SUN CHO,                      |

                                   |
                    Defendant.     |
------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

        The defendant, Mi Sun Cho, moves, pursuant to Rules 29 and 33 of the Federal

Rules of Criminal Procedure, for a judgment of acquittal and for a retrial on Counts Two

and Three of the Indictment.   For the reasons set forth below, the Court DENIES the

defendant's Rule 29 motion for a judgment of acquittal, and DENIES the defendant's

Rule 33 motion for a new trial.

I.  <u>Rule 29 Motion for a Judgment of Acquittal</u>

        The defendant moves for a judgment of acquittal on Counts Two and Three on the

ground that the Government failed to prove each and every element of the crimes charged

beyond a reasonable doubt.  The defendant argues that there was insufficient evidence at

trial for the jury to find that the defendant transported prostitutes in interstate commerce.

        Rule 29 permits a district court to enter a judgment of acquittal on any count of

conviction if it finds that the evidence on that count is "insufficient to sustain a

conviction." Fed. R. Crim. P. 29.  In deciding a motion for a judgment of acquittal under

Rule 29, a district court must "view the evidence in the light most favorable to the

government, crediting every inference that could have been drawn in the government's

favor, and deferring to the jury's assessment of witness credibility and its assessment of

the weight of the evidence." United States v. Chavez, 549 F.3d 119, 124 (2d Cir. 2008).

Thus, a jury verdict must be upheld if "'any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt.'" Jackson v. Virginia, 443

U.S. 307, 319 (1979).

In Counts Two and Three of the Indictment, the defendant was charged with

violating 18 U.S.C. § 2421 and with willfully causing such violations under 18 U.S.C. §

2(b).  18 U.S.C. § 2421 provides:

> Whoever knowingly transports any individual in interstate or foreign
> commerce. . .with intent that such individual engage in prostitution, or in
> any sexual activity for which any person can be charged with a criminal
> offense, or attempts to do so, shall be fined under this title or imprisoned
> not more than 10 years, or both.

Id. "A defendant will be deemed to have 'transport[ed]' an individual under Section 2421

where evidence shows that 'the defendant personally or through an agent performed the

proscribed act of transporting.'" United States v. Holland, 381 F.3d 80, 86 (2d Cir. 2004)

(citing United States v. Sabatino, 943 F.2d 94, 99 n.2 (1st Cir. 1991)).

The Court instructed the jury that:

> The prosecution does not need to prove that the defendant personally
> transported the individual across a state line.  This element is satisfied if
> you find that the defendant prearranged the transportation of a person
> across a state line and that the defendant personally or through an agent
> arranged intrastate transportation as a continuation of that interstate travel.

(Tr. at 507.)  See United States v. Clemones, 577 F.2d 1247, 1253 (8th Cir. 1978).  The

Court further instructed the jury that the defendant could be found guilty under Section

2(b) "even if she acted through someone who was entirely innocent of the crimes charged

in the indictment, even if [she] acted through a government agent." (Tr. 513.)   In other words, "it is . . . well recognized that the guilt or innocence of the intermediary under a § 2(b) charge is irrelevant."  United States v. Ordner, 554 F.2d 24, 29 (2d Cir. 1977) (collecting cases).

The Government presented extensive evidence at trial that the defendant both transported individuals in interstate commerce, and that she "prearranged the transportation of a person across a state line and that the defendant personally or through an agent arranged intrastate transportation as a continuation of that interstate travel." (Tr. 507.)  The evidence at trial included testimony from Ms. Jin, the prostitute transported from New Jersey to New York as charged in Count Two, testimony of a confidential informant, and audio and video recordings, detailing (1) that the defendant prearranged Ms. Jin's travel from New Jersey to New York for the purpose of prostitution, and (2) that the defendant personally arranged Ms. Jin's travel to a brothel when Ms. Jin arrived in New York.  (See Gov. Opp. 7-8.)   The evidence included the following: Ms. Jin called the defendant from Atlantic City, seeking a job as a prostitute.  (Tr. 311.)  The defendant put Ms. Jin in touch with the confidential informant, who spoke to Ms. Jin about traveling to New York to engage in prostitution.  (Tr. 135-36.)  Ms. Jin took a bus from Atlantic City to New York, where she was picked up by the confidential informant and the defendant. (Tr. 312.)  The defendant and the confidential informant drove Ms. Jin into Manhattan; after the defendant was dropped off at her home, the confidential informant took Ms. Jin to the brothel in Manhattan.  (Tr. 311-13.)  After Ms. Jin was rejected by the brothel owner in Manhattan, the defendant took Ms. Jin from New York to a brothel in Philadelphia, where the brothel owner paid the defendant $300 for delivering Ms. Jin.

(Tr. 314-17.)  Ms. Jin worked at the Philadelphia brothel, and reimbursed the brothel owner, from Ms. Jin's earnings, the $300 that had been paid to the defendant. (Tr. 317.) Ms. Jin's testimony was corroborated by the fact that telephone records for her cellphone and the defendant's cellphone showed that on October 12, 2010, both cellphones moved from New York to Philadelphia, after which Ms. Jin's phone remained in Philadelphia, and the defendant's phone moved back to New York. (GX 402F.)

The Government also presented evidence, including audio recordings of the defendant, that demonstrated that the defendant prearranged the transportation of Ms. Wu from Los Angeles to New York, as charged in Count Three, across a state line and that the defendant personally or through an agent arranged intrastate transportation as a continuation of that interstate travel.  (See Gov. Opp. 8-9.)  While Ms. Wu was in Los Angeles, the defendant spoke to Ms. Wu about traveling to New York, and told Ms. Wu that the New York brothel owner, Mi Young, would pay for her to fly from Los Angeles to New York.  (GX 103-T.)   The defendant then relayed Ms. Wu's travel plans to the confidential informant and Mi Young, and told Mi Young that if she paid for Ms. Wu's travel, Ms. Wu would work for her and pay back the money. (GX 103-T.)  Ms. Wu agreed to come from Los Angeles to New York for the purpose of prostitution. (GX 103-T.)  When Ms. Wu arrived in New York on October 27, 2010, after flying from Los Angeles, the defendant and the confidential informant picked up Ms. Wu at JFK airport. (Tr. 214.)  The defendant and the confidential informant then drove Ms. Wu to Mi Young's brothel in Manhattan. (Tr. 223-25.)  The defendant received $400 from Mi Young for placing Ms. Wu in the brothel. (Tr. 226-27.)

The evidence the Government presented against the defendant was sufficient to permit a rational jury to find her guilty beyond a reasonable doubt.   The defendant's motion for a judgment of acquittal pursuant to Rule 29 is therefore denied.

II.  Rule 33 Motion for a New Trial

The defendant moves, in the alternative, for a new trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  Rule 33 of the Federal Rules of Criminal Procedure provides that a court may "vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33.   In deciding a motion for a new trial pursuant to Rule 33, a court may weigh the evidence and assess the credibility of witnesses.  Rule 33 "gives the trial court 'broad discretion. . . to set aside a jury verdict and order a new trial to avert a perceived miscarriage of justice.'" United States v. Ferguson, 246 F. 3d 129, 133 (2d Cir. 2001) (citing United States v. Sanchez, 969 F. 2d 1409, 1413 (2d Cir. 1992)).  Such discretion "is only exercised, however, in the most extraordinary circumstances." U.S. v. Locascio, 6 F.3d 924, 949 (2d Cir. 1993) (citing United States v. Imran, 964 F.2d 1313, 1318 (2d Cir. 1992), cert. denied, 506 U.S. 1009, (1992)).

The evidence the Government presented at trial was more than sufficient to support a finding by the jury that the defendant prearranged interstate travel for Ms. Jin and Ms. Wu for the purpose of prostitution, and personally or through an agent arranged intrastate transportation as a continuation of that interstate travel.  For the reasons discussed above, the Court concludes that there was sufficient evidence presented at trial to convict the defendant on Counts Two and Three of the Indictment.

III.  Conclusion

      Defendant's motion for a judgment of acquittal pursuant to Rule 29 is DENIED,

and the Defendant's motion for a new trial pursuant to Rule 33 is DENIED.


SO ORDERED.

Dated: New York, New York
       March 13, 2012

                            Kimba M. Wood
                    United States District Judge